UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv62356

HISHAM AHMED,

    Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff HISHAM AHMED ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of--
>   (A) the character, amount, or legal status of any debt; or
>   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>   …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the *tendency or capacity to deceive*." (emphasis added); The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

6. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, § 1692g mandates, *inter alia*, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will

>obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *See* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016) ("rejecting the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver."); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013) ("[d]ebtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing.").

## II.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7.      The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

8.      Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly

prohibit. Accordingly, the FCCPA states, *inter alia*, that: "[i] collecting consumer debts, no person shall…[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

9. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

10. As set forth in more detail below, Defendant has violated the aforementioned provisions of the FDCPA and FCCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

12. Supplemental jurisdiction exists for the forgoing state law claims pursuant to 28 U.S.C. § 1367.

13. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

15. Defendant is a Delaware corporation, with its principal place of business located in Trevose, Pennsylvania.

16. On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

17. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

18. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

19. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

20. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

21. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

22. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

23. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

24. On or about February 22, 2016, Defendant sent a collection letter to Plaintiff (the "First Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

25. In the First Collection Letter, Defendant states, *inter alia*, that:

> Our client, CAPITAL ONE BANK (USA), N.A, referred your account to us for collections. PLEASE READ CAREFULLY ALL OF THE IMPORTANT DISCLOSURES BELOW.
>
> Please keep in mind, interest and fees are no longer being added to your account. That means every dollar you pay goes toward paying off your balance.

*See* First Collection Letter.

26. The First Collection Letter provides three different amounts: (1) the "Charge-off Amount: $468.74;" (2) the "Non-interest Charges/Fees: $184.80;" and (3) the "Balance: $283.94."

27. On or about May 11, 2016, Defendant sent second collection letter to Plaintiff (the "Second Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "B."

28. In the Second Collection Letter, Defendant states, *inter alia*, that:

> At this time, we would like to offer to settle your account for 55% of the balance! That's a total settlement amount of $127.77. Upon receipt and clearance of your payment, we will immediately cease collection activity and will notify our client that you have settled your account.

*See* Second Collection Letter.

29. On information and belief, if Plaintiff was to pay the "Balance" stated in the First Collection Letter, Defendant would receive a portion thereof as compensation for the creditor.

## COUNT I.
## VIOLATION OF THE FDCPA

30. Plaintiff incorporates by reference paragraphs 19-29 of this Complaint as though fully stated herein.

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also* Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

32. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

34. In light of the preceding, Defendant has violated the FDCPA, to wit:

(a) Section 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the Consumer Debt. In the First Collection Letter, the least sophisticated consumer is advised that "every dollar [he or she] pay[s] goes towards paying off [his or her] balance;" However, this is false because, *inter alia*, the "balance" does not properly portray the consumer debt in light of the amount charged off by the current creditor, as well as the fact that a portion of the funds paid will go to satisfy Defendant's collection costs and/or fees Defendant assesses to the current creditor.

(b) Section 1692g(a)(1) by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of the amount of the Consumer Debt. The First Collection Letter provides three separate amounts without any correlation, to wit, a "Balance," a "Charge-off Amount," and "Non-interest Charges/Fees;" however, the sum of the "Balance" and "Non-interest Charges/Fees" ($283.84 and $184.80, respectively) equal the alleged "Charge-off Amount" ($468.74). Thus, without clarification, the least sophisticated consumer unable to determine what is truly owed, if anything.

(c) Section 1692g(a)(2) by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed, in that, the First Collection Letter fails to identify any entity as being the "creditor." In particular, the Collection Letter identifies an entity as the "original creditor;" However, the "original creditor" is said to have "charged-off" the

debt in question. Such would case the least sophisticated consumer to believe that the "original creditor" is different from the current creditor. No entity is referenced as the "current creditor" in the First Collection Letter. Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid § 1692g(a)(2) claim); Shoup v. McCurdy & Candler, L.L.C., 465 Fed. Appx. 882, 883–84 (11th Cir. 2012) (listing MERS as the creditor violated FDCPA); Amina v. WMC Mortgage Corp., 2011 WL 1869835 (D. Haw. May 16, 2011) (genuine issue of material fact as to whether collector properly identified current creditor, especially given multiple entities that use name "Chase"); Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (finding that the plaintiff had stated a plausible claim for the violation of Section 1692g(a)(2) because although the letter mentioned NCOP twice, it did "not clearly and effectively convey its role in connection with the debt."); Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 321 (7th Cir. 2016) (the Seventh Circuit found that the defendant's letter had failed to comply with the plain language of Section 1692g(a)(2) because "[n]owhere did the letter [s] say that Asset Acceptance currently owned the debts in question.").

(d)     Section 1692e(10) by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff. In the Second Collection Letter, Defendant falsely represents that the settlement offer was one in which Defendant autonomously made to Plaintiff. Such an offer, however, does not originate with Defendant. Rather, the alleged discount proffered by the Collection Letter is merely an amount which Defendant has the authority offer Plaintiff in lieu of the full amount of the Consumer Debt. Such falsehood lends the least supplicated consumer to believe either Defendant possess far more authority than what Defendant truly has or that Defendant otherwise owns the Consumer Debt. Accordingly, such false representations of authority otherwise wrongfully coerce payment of the Consumer Debt by, *inter alia*, having the reader believe Defendant is capable of utilizing collection measures beyond its authority, to wit, deciding the file a lawsuit to collect the Consumer Debt if Plaintiff does not pay. *See* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)); *See, e.g.*, Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1369 (M.D. Fla. 2002) (a collection letter which stated that "the consumer would incur 'substantial amounts of attorney fees and costs'" if a law suit was filed "is a false representation and misleading to the least

sophisticated consumer" because such an outcome is not certain to occur); *See also* Gonzales, 660 F.3d 1055 at 1063 ("[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.").

(e) Section 1692e(10) by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff. Defendant, by and through the Second Collection Letter, wrongfully causes the least sophisticated consumer to believe that the only way end Defendant's collection attempts is to pay the alleged settlement amount. This is false. *See* 15 U.S.C. 1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…").

(f) Section 1692f(1) by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection of such, in that, by failing to comply with the notice requirements of § 1692g(a)(1) & (2) of the FDCPA, Defendant was dispossessed of any legal authority it may have had to collect the Consumer Debt, as such disclosures are mandatory to otherwise maintain lawful collection authority of the consumer debt(s) in question.

35. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and

personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

36. Plaintiff incorporates by reference paragraphs 19-29 of this Complaint as though fully stated herein.

37. In light of the preceding, Defendant violated the FCCPA, to wit:

   (a) Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful, in that, Defendant continued to attempt to collect the Consumer Debt from Plaintiff despite knowing that it did not provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a)(1) &(2). Accordingly, because such disclosures are required for Defendant to retain/maintain lawful collection authority of applicable debt, Defendant knowingly sought the unlawful collection of the Consumer Debt from Plaintiff.

38. As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

39. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: September 30, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi                 .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:      855-529-9540

AND

 /s/ Thomas J. Patti                  .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:   954-543-1325
Fax:      954-507-9975

*COUNSEL FOR PLAINTIFF*